UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| **Chris Spearman, Adam Hill, & Mitchell Hipp; on behalf of themselves and all others similarly situated,** *Plaintiffs,* v. **DiscoverFresh Foods, LLC,** *Defendant.* | No. _____ |

**CLASS ACTION COMPLAINT FOR
VIOLATION OF WARN ACT, 29 U.S.C. § 2101, *ET SEQ*.**

Plaintiffs Chris Spearman, Adam Hill, & Mitchell Hipp (collectively "Plaintiffs") allege on behalf of themselves and a class of similarly situated former employees of Discover Fresh Foods, LLC ( "Defendant"), by and through his counsel as follows:

1. Plaintiffs were employees of Defendant for purposes of the WARN Act until their terminations along with approximately 53 other employees on or about August 1, 2024.

2. Plaintiffs did not receive any advance written notice of their terminations.

3. Plaintiffs brings this action on behalf of themselves, and the other similarly situated former employees of Defendant who worked at, reported to, or received assignments from Defendant's facility in Pickens County, South Carolina (the "Facility"), located at 211 Pine Road, Easley, South Carolina 29642, who were terminated without cause, as part of, or as the foreseeable result of, plant closings or mass layoffs ordered by Defendant on or around August 1, 2024, and who were not provided 60 days advance

written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq.

4. Plaintiffs and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendant.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1391.

7. Assignment in the Greenville Division is appropriate because a substantial part of the events or omissions giving rise to the claim occurred in Pickens County, South Carolina.

**PARTIES**

8. Plaintiffs were employees of Defendant and worked at the facility until their termination on or about August 1, 2024.

9. Plaintiff Chris Spearman is a citizen and resident of Pickens County, South Carolina.

10. Plaintiff Adam Hill is a citizen and resident of Pickens County, South Carolina.

11. Plaintiff Mitchell Hipp is a citizen and resident of Greenville County, South Carolina.

12. Defendant DiscoverFresh Foods, LLC is a corporation organized under the laws of the State of South Carolina with its corporate headquarters in Greenville County, South Carolina.

13. Defendant operated the Facility where Plaintiffs worked in Pickens County, South Carolina.

14. On or about August 1, 2024, Defendant terminated without notice the employment of approximately 53 employees who worked at, reported to, or received assignments from

the Facility.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

15. Plaintiffs bring the First Claim for Relief for violation of 29 U.S.C. § 2101 et seq., on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, reported to, or received assignments from one of Defendant's Facilities and were terminated without cause on or about August 1, 2024, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about August 1, 2024, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

17. On information and belief, Defendant terminated 53 employees at the Facility, which consisted of a significant portion or majority of its workforce at the Facility.

18. On information and belief, the identity of the members of the class and the recent residential address of each of the WARN Class Members is contained in the books and records of Defendant.

19. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

20. Common questions of law and fact exist as to members of the WARN Class, including,

but not limited to, the following:

   a. whether the members of the WARN Class were employees of the Defendant who worked at, reported to, or received assignments from Defendant's Facility;

   b. whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

   c. whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

21. The Plaintiffs' claims are typical of those of the WARN Class. The Plaintiffs, like other WARN Class members, worked at, reported to, or received assignments from the Defendant's Facility and were terminated without cause on or about August 1, 2024, due to the mass layoffs and/or plant closings ordered by Defendant.

22. Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Plaintiffs have retained counsel competent and experienced in multi-plaintiff actions and employment litigation.

23. On or about August 1, 2024, Defendant terminated the Plaintiffs' employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act.

24. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly because this is a WARN Act litigation, where individual plaintiffs may lack

the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

25. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

26. The Plaintiffs intend to send notice to all members of the WARN Class to the extent required by the Rules of Civil Procedure.

## CLAIMS FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

27. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

28. At all relevant times, Defendant employed more than 100 employees who in aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

29. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business when it decided to order mass layoffs or plant closings at the Facilities.

30. On or about August 1, 2024, Defendant ordered mass layoffs and/or plant closing at the Facility, as those terms are defined by 29 U.S.C. § 2101(a)(2).

31. The mass layoffs or plant closings at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as

well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

32. The Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

33. The Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

34. Defendant was required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

35. Defendant failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

36. The Plaintiffs and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

37. Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

38. The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiffs as the Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions ando ther COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A); and

E. Such other and further relief as this Court may deem just and proper.

DATED: September 6, 2024

Respectfully submitted,

GROVE OZMENT, L.L.C.

s/Matthew R. Ozment
Matthew R. Ozment Fed Bar No. 12403
Email: Matt@go-lawyers.com
William E. Grove Fed. Bar No. 12601
Email: Will@go-lawyers.com
100 Williams Street
Greenville, SC 29601
Telephone: 864-516-2222

*ATTORNEYS FOR PLAINTIFF*